ESSEX INSURANCE COMPANY, Appellant, v LAWANDA YOUNG, Defendant, and DWIGHT HICKS et al., Respondents. [796 NYS2d 204]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered February 26, 2004 in a declaratory judgment action. The judgment, among other things, granted the motion of defendant Dwight Hicks

and the cross motion of defendants Brian J. Nelson and 8-Ball Laundry Lounge, Inc., doing business as Groove, for summary judgment declaring that plaintiff must defend and indemnify them in an underlying personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant Dwight Hicks and the cross motion of defendants Brian J. Nelson and 8-Ball Laundry Lounge, Inc., doing business as Groove, granting the cross motion of plaintiff in its entirety and vacating the award of attorneys' fees and costs and as modified the judgment is affirmed without costs and judgment is granted in favor of plaintiff as follows:

It is adjudged and declared that plaintiff has no duty to defend or indemnify those defendants in the underlying personal injury action.

Memorandum: Defendant Lawanda Young commenced an action to recover damages for injuries allegedly inflicted by defendant Dwight Hicks, a bouncer employed by defendant 8-Ball Laundry Lounge, Inc., doing business as Groove (Groove), in an incident at Groove. Hicks allegedly grabbed Young by the arm, put her in a chokehold and threw her to the ground. Plaintiff, Groove's liability carrier, commenced the instant action seeking judgment declaring that it has no obligation to defend or indemnify Hicks, Groove or defendant Brian J. Nelson, the owner of Groove, in the underlying action, based upon exclusions in the policy for claims arising out of "Assault and/or Battery" and "[a]ny charges or allegations of negligent hiring, employment training, placement or supervision." Hicks thereafter sought summary judgment declaring that plaintiff must defend and indemnify him in the underlying action on the ground that the negligence causes of action therein trigger the duty to defend and indemnify him with respect to all causes of action. In addition, Hicks contended that plaintiff failed to disclaim coverage in a timely manner and thus must both defend and indemnify Hicks on that ground as well. Plaintiff cross-moved for summary judgment declaring that it has no duty to defend or indemnify Hicks, Nelson or Groove in the underlying action based on the policy exclusions. Nelson and Groove then cross-moved for summary judgment declaring that plaintiff must defend and indemnify them "with respect to the complaint allegations sounding in negligence, carelessness, and/or recklessness."

Supreme Court properly rejected the contention of Hicks that plaintiff's notice of disclaimer was untimely (see *Public Serv.*

*Mut. Ins. Co. v Harlen Hous. Assoc.*, 7 AD3d 421, 423 [2004]). The court erred, however, in otherwise denying plaintiff's cross motion and granting the motion of Hicks and the cross motion of Nelson and Groove insofar as they sought summary judgment declaring that plaintiff must provide them with a defense and indemnify them if it is determined that they are entitled to coverage for their liability in the underlying action. We therefore modify the judgment accordingly. "[I]f no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350 [1996]; *see U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823 [1995]). Here, Young's causes of action for negligent and reckless conduct in the underlying action, including those alleging, inter alia, negligent training and supervision, arise out of the alleged assault and/or battery by Hicks, and thus fall within the policy exclusions (*see Mark Mc-Nichol Enters. v First Fin. Ins. Co.*, 284 AD2d 964, 965 [2001]; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 426 [1998]; *Tower Ins. Co. of N.Y. v Old N. Blvd. Rest. Corp.*, 245 AD2d 241, 242 [1997]). Because plaintiff owes no duty to defend Hicks, Nelson or Groove in the underlying personal injury action, the court erred in awarding those defendants reasonable attorneys' fees and costs incurred in defending the underlying personal injury action and this declaratory judgment action (*see generally Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 AD2d 1, 4-5). Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.