# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1176

CA 16-01094

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

BRANDI HARDY, ET AL., PLAINTIFFS,

V                                        MEMORANDUM AND ORDER

THOMAS KULWICKI, CARLO V. MADONIA, JR.,
KAREN MADONIA, ET AL., DEFENDANTS.
-----------------------------------------
CARLO V. MADONIA, JR., AND KAREN MADONIA,
THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS,

V

HARLEYSVILLE WORCESTER INSURANCE COMPANY,
THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT.

---

HURWITZ & FINE, P.C., BUFFALO (AGNIESZKA A. WILEWICZ OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT.

WEBSTER SZANYI, LLP, BUFFALO (ANDREW O. MILLER OF COUNSEL), FOR
THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from a judgment (denominated order) of
the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November
10, 2015.  The judgment, among other things, denied that part of the
motion of third-party plaintiffs seeking attorneys' fees and denied
the cross motion of third-party defendant for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting that part of the motion
seeking attorneys' fees incurred in defending the underlying action,
and as modified, the judgment is affirmed without costs, and the
matter is remitted to Supreme Court, Erie County, for further
proceedings in accordance with the following memorandum:  Plaintiffs
commenced this litigation seeking damages for injuries they allegedly
sustained as a result of negligent lead paint abatement at a property
owned by third-party plaintiffs.  Third-party plaintiffs subsequently
commenced a third-party action and moved for summary judgment therein
seeking, inter alia, a declaration that third-party defendant is
obligated to defend and indemnify them in the underlying negligence
action and attorneys' fees incurred in defending the underlying action
and bringing the third-party action.  Third-party defendant cross-
moved for a declaration that it is not obligated to defend or
indemnify third-party plaintiffs in the underlying action.  Third-
party defendant appeals and third-party plaintiffs cross-appeal from a

judgment that, inter alia, declared that third-party defendant is obligated to defend and indemnify third-party plaintiffs in the underlying action, denied third-party plaintiffs' request for attorneys' fees, and denied third-party defendant's cross motion.

We reject third-party defendant's contention that Supreme Court erred in issuing the declaration sought by third-party plaintiffs. The lead exclusion in the insurance policy issued by third-party defendant provides that it "applies to any owned locations containing habitational units constructed prior to 1980, which have a *significant* potential lead loss exposure and have not undergone lead abatement procedures" (emphasis added). We conclude that the lead exclusion is ambiguous because the meaning of the term "significant" " 'is in doubt [and] is subject to more than one reasonable interpretation' " (*Venigalla v Penn Mut. Ins. Co.*, 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747). Here, there is a " 'reasonable basis for a difference of opinion' " whether the property's potential lead loss exposure is significant and is therefore subject to the exclusion (*Federal Ins. Co. v International Bus. Machs. Corp.*, 18 NY3d 642, 646, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569). Thus, we construe the ambiguity in the lead exclusion in favor of the insured (*see Cragg v Allstate Indem. Corp.*, 17 NY3d 118, 122), and we conclude that the lead exclusion is not applicable and therefore that third-party defendant is obligated to defend and indemnify third-party plaintiffs in the underlying action (*see generally Crouse W. Holding Corp. v Sphere Drake Ins. Co.*, 248 AD2d 932, 933, *affd* 92 NY2d 1017; *Handelsman v Sea Ins. Co.*, 85 NY2d 96, 101-102, *rearg denied* 85 NY2d 924; *cf. Preferred Mut. Ins. Co. v Donnelly*, 111 AD3d 1242, 1245, *affd* 22 NY3d 1169).

We reject third-party plaintiffs' contention that they are entitled to attorneys' fees incurred in bringing the third-party action. "It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324; *see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21). We agree with third-party plaintiffs, however, that the court erred in denying that part of their motion seeking reimbursement of attorneys' fees incurred in defending the underlying action (*see ACP Servs. Corp. v St. Paul Fire & Mar. Ins. Co.*, 224 AD2d 961, 963; *cf. Essex Ins. Co. v Young*, 17 AD3d 1134, 1136). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to determine the amount of those attorneys' fees.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court