Heid v Renwood Assoc., Inc. (2020 NY Slip Op 03100)





Heid v Renwood Assoc., Inc.


2020 NY Slip Op 03100


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-05957
 (Index No. 606973/16)

[*1]Blaise Heid, et al., appellants, 
v
Renwood Associates, Inc., et al., respondents.


Rosenberg, Feldman & Smith, LLP, New York, NY (Richard Feldman of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, Garden City, NY (Peter Sullivan of counsel), for respondents Renwood Associates, Inc., Richard Mohring, and 44 Sea Cliff Avenue, LLC.
Shanker Law Group, Mineola, NY (Neil A. Bloom of counsel), for respondents HRY, LLC, and Harry Bienenfeld.



DECISION & ORDER
In an action, inter alia, to set aside a fraudulent conveyance, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered May 25, 2017. The order, insofar as appealed from, (1) granted those branches of the separate motions of the defendants Renwood Associates, Inc., Richard Mohring, and 44 Sea Cliff Avenue, LLC, and the defendants HRY, LLC, and Harry Bienenfeld, which were pursuant to CPLR 3211(a) to dismiss the fourth cause of action insofar as asserted against each of them, for summary judgment dismissing the first through third causes of action insofar as asserted against each of them, and to strike the plaintiff's notice of pendency, and (2) denied, as academic, the plaintiffs' cross motion pursuant to CPLR 602 to consolidate the action with an action entitled Heid v HRY LLC, pending in the same court under Index No. 601914/15.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
In May 2014, the plaintiffs purchased a parcel of real property (hereinafter Lot 417) from the defendant HRY, LLC (hereinafter HRY). Thereafter, in March 2015, the plaintiffs commenced an action (hereinafter the March 2015 action) against, among others, HRY. In the March 2015 action, the plaintiffs asserted claims based on fraud, rescission, and the breach of the covenant of good faith and fair dealing arising from the plaintiffs' purchase of Lot 417.
In May 2015, HRY, which owned a parcel of real property (hereinafter Lot 416) adjacent to the plaintiffs' Lot 417, transferred title to Lot 416 to the defendant Renwood Associates, Inc. (hereinafter Renwood). Thereafter, in September 2016, the plaintiffs commenced the instant action against HRY, its managing member Harry Bienenfeld, 44 Sea Cliff Avenue, LLC, of which Bienenfeld was a member, Richard Mohring, who was also a member of 44 Sea Cliff Avenue, LLC, and Renwood, alleging that the defendants "orchestrated the transfer of Lot 416 from defendant HRY [*2]to defendant Renwood for the purpose of frustrating [the] [p]laintiff[s'] ability to collect a judgment in the [March 2015 action]." The complaint asserted, among other things, four causes of action to set aside the allegedly fraudulent conveyance of Lot 416 pursuant to Debtor and Creditor Law §§ 273, 273-a, 275, and 276. The plaintiffs also filed a notice of pendency.
Renwood, Mohring, and 44 Sea Cliff Avenue, LLC, moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, for summary judgment dismissing the complaint insofar as asserted against them, and to strike the plaintiffs' notice of pendency. HRY and Bienenfeld separately moved for the same relief as to them. The plaintiffs cross-moved pursuant to CPLR 602 to consolidate this action with the March 2015 action. The Supreme Court granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, for summary judgment dismissing the first through third causes of action, and to strike the notice of pendency, and denied the plaintiffs' cross motion as academic.
The plaintiffs appeal. On appeal, the plaintiffs contend that the Supreme Court erred in granting dismissal of the first four causes of action insofar as asserted against each of the defendants and to strike the notice of pendency. The plaintiffs further contend that the court erred in denying their cross motion to consolidate this action with the March 2015 action. We affirm the order insofar as appealed from.
We agree with the Supreme Court's determination to grant those branches of the defendants' separate motions which were for summary judgment dismissing the first through third causes of action, which sound in fraudulent conveyance under Debtor and Creditor Law §§ 273, 273-a, and 275. In order to prevail on causes of action under those sections of the Debtor and Creditor Law, the plaintiffs were required to establish that the conveyance was made "without a fair consideration" (Debtor and Creditor Law §§ 273, 273-a, 275). Here, in support of their separate motions, the defendants submitted evidence which demonstrated, prima facie, that HRY sold Lot 416 to Renwood for the sum of $725,000, and that this price constituted fair consideration based on the condition of the property at the time of the sale. In opposition, the plaintiffs failed to raise a triable issue of fact.
We also agree with the Supreme Court's determination to grant those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of Debtor and Creditor Law § 276 insofar as asserted against each of them (see generally Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839). A cause of action under Debtor and Creditor Law § 276 must be pleaded with sufficient particularity pursuant to CPLR 3016(b) (see Swartz v Swartz, 145 AD3d 818, 826; Gaetano Dev. Corp. v Lee, 121 AD3d 838, 840). Contrary to the plaintiffs' contention, the cause of action alleging a violation of Debtor and Creditor Law § 276 was not pleaded with sufficient particularity (see CPLR 3016[b]; NTL Capital, LLC v Right Track Rec., LLC, 73 AD3d 410, 412).
Accordingly, under the circumstances, the Supreme Court also properly denied, as academic, the plaintiffs' cross motion pursuant to CPLR 602 to consolidate this action with the March 2015 action.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court