NHJB, Inc. v Utica First Ins. Co. (2020 NY Slip Op 05319)





NHJB, Inc. v Utica First Ins. Co.


2020 NY Slip Op 05319


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


242.1 CA 19-01879

[*1]NHJB, INC., DOING BUSINESS AS MOLLY'S PUB, AND NORMAN HABIB, PLAINTIFFS-RESPONDENTS,
v
UTICA FIRST INSURANCE COMPANY, DEFENDANT-APPELLANT. (APPEAL NO. 4.) 






FARBER BROCKS & ZANE, LLP, GARDEN CITY (AUDRA ZANE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an amended judgment of the Supreme Court, Erie County (Mark A. Montour, J.), entered October 3, 2019. The amended judgment awarded plaintiffs the sum of $85,618.50 as against defendant. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously modified on the law by denying plaintiffs' motion for partial summary judgment in its entirety and denying plaintiffs' motion to compel, vacating the award of judgment to plaintiffs, granting those parts of defendant's cross motion for summary judgment dismissing the complaint and on the third counterclaim, and granting judgment in favor of defendant as follows:
It is ADJUDGED and DECLARED that defendant is not obligated to defend or indemnify plaintiffs in the underlying action,
and as modified the amended judgment is affirmed without costs.
Memorandum: This action involving a dispute over insurance coverage arises from an incident that occurred in May 2014 during which William Sager, Jr. (decedent) sustained fatal injuries when a bar manager at a nightclub shoved him, causing him to fall down an entire flight of stairs. The bar manager ultimately pleaded guilty to manslaughter in the first degree (Penal Law § 125.20 [1]) and was sentenced to 18 years in prison. We affirmed the judgment of conviction (People v Basil, 156 AD3d 1416 [4th Dept 2017], lv denied 31 NY3d 981 [2018], reconsideration denied 31 NY3d 1114 [2018]). The nightclub at issue was operated by plaintiff NHJB, Inc., doing business as Molly's Pub, whose sole shareholder was plaintiff Norman Habib.
At all relevant times, plaintiffs were insured by a policy issued by defendant, which disclaimed coverage when initially notified about the incident within days of its occurrence. After a personal injury action was commenced against plaintiffs, among other parties (see Sager v City of Buffalo, 151 AD3d 1908 [4th Dept 2017]), plaintiffs again sought coverage from defendant, which again disclaimed coverage, relying in large part on an assault and battery exclusion contained within the policy.
Plaintiffs thereafter commenced this action, alleging that defendant had breached the insurance contract and seeking a declaration that defendant is obligated to defend and indemnify plaintiffs in the underlying personal injury action. Defendant answered and asserted several counterclaims. Plaintiffs thereafter moved for partial summary judgment seeking a declaration that defendant is obligated to defend plaintiffs in the underlying personal injury action. Defendant cross-moved for summary judgment on its counterclaims and sought, inter alia, dismissal of the complaint.
In the order in appeal No. 1, Supreme Court granted in part plaintiffs' motion for partial summary judgment, denied defendant's cross motion and ordered, inter alia, that defendant is obligated to defend plaintiffs in the underlying personal injury action "through the completion of discovery." When defendant failed to comply with the order in appeal No. 1, plaintiffs moved to compel defendant to comply with that order. In the order in appeal No. 2, the court, inter alia, granted plaintiffs' motion to compel and ordered defendant to reimburse plaintiffs in a set amount. A statement of judgment directing defendant to pay that amount plus costs and disbursements was entered, and is the subject of appeal No. 3. Defendant moved to amend the statement of judgment, contending that the court had not ordered it to pay costs and disbursements. The court thereafter entered the amended judgment in appeal No. 4, removing costs and disbursements from the calculation.
Inasmuch as the orders in appeal Nos. 1 and 2 are subsumed in the amended judgment, those appeals should be dismissed (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see generally CPLR 5501 [a] [1]). In addition, because the amended judgment made a substantive modification to the judgment, it supersedes the judgment and, therefore, appeal No. 3 should likewise be dismissed (see Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]).
With respect to the merits of appeal No. 4, we conclude that the court erred in granting in part plaintiffs' motion for partial summary judgment and granting plaintiffs' motion to compel, and erred in denying those parts of defendant's cross motion seeking summary judgment dismissing the complaint and on its third counterclaim, and we therefore modify the amended judgment accordingly. Although we conclude that the incident constitutes an occurrence under the terms of the policy (see Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145 [2000]; see also Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137-138 [2006]; Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 74 [1989], rearg dismissed 74 NY2d 843 [1989], rearg denied 74 NY2d 893 [1989]), we nevertheless agree with defendant that coverage for the incident is precluded by the policy's assault and battery exclusion.
Generally, an insurer is "required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (Automobile Ins. Co. of Hartford, 7 NY3d at 137 [internal quotation marks omitted]; see Technicon Elecs. Corp., 74 NY2d at 73-74).
In their motion for partial summary judgment, plaintiffs contended that, inasmuch as the 27th cause of action in the underlying personal injury action seeks damages under a theory of premises liability, there is at least one cause of action that is not precluded by the assault and battery exclusion, and that defendant must therefore defend plaintiffs on all causes of action. We agree with defendant on appeal, however, that all of the claims against plaintiffs in the underlying action are " 'based on' " or arise out of the bar manager's assault, "without which [the plaintiff in the underlying personal injury action] would have no cause of action" (U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 823 [1995]). In other words, "no cause of action would exist but for the assault" and, therefore, the assault and battery exclusion is applicable and precludes coverage (Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 350 [1996]; see U.S. Underwriters Ins. Co., 85 NY2d at 823; Haines v New York Mut. Underwriters, 30 AD3d 1030, 1030-1031 [4th Dept 2006]; Essex Ins. Co. v Young, 17 AD3d 1134, 1136 [4th Dept 2005]). Despite the conclusory allegations of premises liability, there is simply "no suggestion that [decedent] fell of his own accord" (Fish v Dryden Mut. Ins. Co., 23 Misc 3d 1105[A], 2009 NY Slip Op 50596[U], *2 [Sup Ct, Cortland County 2009]).
We also agree with defendant that a determination on this issue need not await discovery in the personal injury action. The analysis of whether an exclusion applies "depends on the facts which are pleaded, not the conclusory assertions" contained in the underlying complaint (Allstate Ins. Co. v Mugavero, 79 NY2d 153, 162 [1992]). "[T]he allegations of the complaint [in the underlying personal injury action] cast that pleading solely and entirely within the policy exclusions, and . . . the allegations, in toto, are subject to no other interpretation" (Automobile Ins. Co. of Hartford, 7 NY3d at 137; see U.S. Underwriters Ins. Co., 85 NY2d at 822-823; Essex Ins. Co., 17 AD3d at 1135-1136). Even if it were learned during discovery that there was a defect with respect to the stairs, the fact remains that, but for the bar manager's assault, decedent [*2]would not have fallen down the stairs.
We do not agree with plaintiffs that our determination in an earlier appeal constrains us to conclude that defendant is obligated to provide a defense in the underlying personal injury action. Although we determined that the personal injury plaintiff had stated a cause of action for premises liability sufficient to survive a CPLR 3211 (a) (7) motion to dismiss (Sager, 151 AD3d at 1910), that determination does not dictate the result in this case, where the dispositive issue is whether any cause of action alleged in the underlying complaint would exist if it were not for the assault. There is a distinction between the ultimate liability of the insured and the insured's right to coverage based on the language of the insurance policy, and thus "[m]erely because the insured might be found liable under some theory of negligence does not overcome the policy's exclusion for injury resulting from assault" (Mount Vernon Fire Ins. Co., 88 NY2d at 352).
Based on our determination, we do not reach defendant's remaining contentions.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court