Bath & Twenty, LLC v Federal Sav. Bank (2021 NY Slip Op 05685)





Bath & Twenty, LLC v Federal Sav. Bank


2021 NY Slip Op 05685


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-01155
 (Index No. 514138/17)

[*1]Bath & Twenty, LLC, et al., appellants,
v
Federal Savings Bank, et al., respondents.


Tsyngauz & Associates, P.C., New York, NY (Simon I. Malinowski and Eleazar Jacobs of counsel), for appellants.
Offit Kurman, P.A., New York, NY (Brendan Marx of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated December 4, 2017. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the causes of action in the amended complaint alleging fraudulent inducement, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs were the owners of various pieces of real property. In 2016, the plaintiffs sought to obtain a loan from the defendant Federal Savings Bank (hereinafter FSB). The plaintiffs and FSB agreed to a loan in the amount of $2,650,000, and as collateral, the plaintiffs agreed to pledge five parcels of real property, including a parcel of real property which was located on Ocean Avenue in Brooklyn (hereinafter the Ocean Avenue property). The defendants recorded the mortgage against all five properties.
On July 21, 2017, the plaintiffs commenced the instant action against the defendants. The plaintiffs later filed an amended complaint asserting causes of action alleging breach of contract, fraudulent inducement, and breach of the implied covenant of good faith and fair dealing. The plaintiffs alleged, inter alia, that the defendants had agreed to only record the mortgage against the Ocean Avenue property. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. In an order dated December 4, 2017, the Supreme Court granted the motion. The plaintiffs appeal.
"'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 599, quoting Gould v Decolator, 121 AD3d 845, 847). To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially [*2]unassailable (see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790). "'Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case'" (id. at 790, quoting Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941). Letters, emails, and affidavits are not documentary evidence (see Shah v Mitra, 171 AD3d 971, 973).
Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Sokol v Leader, 74 AD3d 1180, 1182).
As relevant to this appeal, the defendants submitted in support of their motion the note, the mortgage agreement, and other documents. The note, the mortgage agreement, and the other documentary evidence submitted in support of the motion do not conclusively establish that the defendants did not fraudulently induce the plaintiffs into entering into the contract by misrepresenting to them that the mortgage would only be recorded against the Ocean Avenue property. Since the defendants failed to utterly refute the plaintiffs' allegations that the defendants fraudulently induced them into entering into the agreement, and since the evidentiary materials submitted by the defendants did not demonstrate, as a matter of law, that the plaintiffs did not have a cause of action to recover damages for fraudulent inducement, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the causes of action in the amended complaint alleging fraudulent inducement.
However, the Supreme Court properly directed dismissal of the cause of action alleging breach of contract. The note, mortgage agreement, and other documents submitted by the defendants utterly refute the allegation that the defendants breached their contract with the plaintiffs by recording the mortgage against all five properties. Pursuant to the note and mortgage agreement, all five properties were mortgaged and there was no prohibition against recording the mortgage against each property.
The plaintiffs' remaining contention is without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court