Madison Sq. Boys & Girls Club, Inc v Atlantic Specialty Ins. Co. (2022 NY Slip Op 02625)

Madison Sq. Boys & Girls Club, Inc v Atlantic Specialty Ins. Co.

2022 NY Slip Op 02625

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 655883/19 Appeal No. 15775-15775A Case No. 2021-00349, 2021-03843 

[*1]Madison Square Boys & Girls Club, Inc, Plaintiff-Appellant,
v
Atlantic Specialty Insurance Company et al., Defendants-Respondents.

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for appellant.
Clyde & Co US LLP, New York (Katelin O'Rourke Gorman of counsel), for Atlantic Specialty Insurance Company, respondent.
Skarzynski Marick & Black LLP, New York (Evan Shapiro of counsel), for Great American Insurance Company, respondent.
Marshall Conway Bradley Gollub & Weissman, P.C., New York (Christopher T. Bradley of counsel), for Philadelphia Indemnity Insurance Company, respondent.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 4, 2021, which denied plaintiff's motion for summary judgment declaring that defendant Atlantic Specialty Insurance Company has an obligation to defend it in an underlying action, granted Atlantic's motion for summary judgment declaring that it has no obligation to defend or indemnify plaintiff in the underlying action, and so declared, and order, same court and Justice, entered on or about September 21, 2021, which granted defendants excess insurers Great American Insurance Company and Philadelphia Indemnity Insurance Company's motion for summary judgment declaring that they are not obligated to defend or indemnify plaintiff in the underlying action, and so declared, unanimously affirmed, without costs.
In the underlying action, multiple former members of plaintiff Madison Square Boys and Girls Club, Inc. (MSBGC) allege that Reginald Archibald and Nicholas Antonucci, respectively, a former volunteer and a former coach for MSBGC, sexually abused them as children. The complaint asserts that MSBGC had a duty to exercise the degree of care that a prudent parent would in supervising those with access to children while in MSBGC's custody, and that MSBGC breached that duty by failing to supervise Antonucci and Archibald, despite having notice of their propensity to engage in such conduct.
Defendant Atlantic issued MSBGC a claims-made insurance policy that was in effect at the time the underlying action was commenced. The Atlantic policy covers "Loss from any Third Party Claim" made during the policy period "for a Third Party Wrongful Act," which is defined to include sexual harassment, "including unwelcome sexual advances, requests for sexual favors or other conduct of a sexual nature, against a Third Party; provided, that 'Third Party Wrongful Act' shall not include any form of intentional sexual harassment, and shall include non-intentional or negligent sexual harassment or sexual harassment imputed through the doctrine of vicarious liability
. . . ." Endorsement No. 13 in the Atlantic policy contains a sexual misconduct and child abuse exclusion, which states that no coverage will be available for any loss for any claim "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged Sexual Misconduct . . . or child abuse or neglect."
The motion court correctly determined that Atlantic has no obligation to defend or indemnify MSBGC in the underlying action because the claims made in the underlying action are not covered under the Atlantic policy (see generally Atlantic Mut. Ins. Co. v Terk Tech. Corp., 309 AD2d 22, 29-30 [1st Dept 2003]). As an initial matter, MSBGC's argument that the claims made in the underlying action are covered under the Atlantic policy because the allegations of sexual abuse by Antonucci and Archibald describe conduct that is non-intentional is without basis as the allegations clearly [*2]describe conduct that is intentional (see Board of Educ. of E. Syracuse-Minoa Cent. School Dist. v Continental Ins. Co., 198 AD2d 816, 817 [4th Dept 1993] ["[s]exual harassment, like sexual abuse and child abuse, is intentional in nature"]).
There is also no basis for MSBGC's argument that the claims made in the underlying action are covered under the Atlantic policy based on the allegations that MSBGC is vicariously liable for sexual harassment because that is not one of the claims being asserted in the underlying complaint. The claims being asserted against MSBGC in the underlying complaint are for negligent supervision and emotional distress, which provide grounds for direct, not vicarious, liability against MSBGC (see Engelman v Rofe, 194 AD3d 26, 33 [1st Dept 2021]; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [2d Dept 1997], cert denied 522 US 967 [1997], lv dismissed 91 NY2d 848 [1997]). The underlying complaint does not allege that the sexual abuse was in furtherance of MSBGC's business or within the scope of the individuals' employment (see Doe v New York City Dept. of Educ., 126 AD3d 612, 612 [1st Dept 2015]), or that plaintiff condoned or authorized the sexual abuse (see Bianco v Flushing Hosp. Med. Ctr., 54 AD3d 304, 305 [2d Dept 2008]).
The court correctly found that coverage was also precluded by the sexual abuse exclusion contained in Endorsement No. 13 in the Atlantic policy. The exclusion at issue bars coverage for loss from any claim arising out of, or in any way involving, sexual misconduct and child abuse. The underlying complaint's negligent supervision claim necessarily arises out of sexual misconduct as it is based on the allegations that the failure to supervise led to the sexual abuse of MSBGC's members when they were children (see Essex Ins. Co. v Young, 17 AD3d 1134, 1136 [4th Dept 2005] [negligent supervision claim arose out of the alleged assault and battery, and thus fell within the policy exclusion]). The underlying complaint's emotional distress claim is also premised on MSBGC's failure to supervise and arises out of sexual misconduct.
The court correctly determined that the excess insurers have no obligation to defend or indemnify plaintiff in the underlying action since their policies incorporated the terms and conditions of the Atlantic policy (see Aspen Specialty Ins. Co. v RLI Ins. Co., Inc., 194 AD3d 206, 213-214 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022