Garcia v Shah (2022 NY Slip Op 03501)





Garcia v Shah


2022 NY Slip Op 03501


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-09543
2020-09741
 (Index No. 609390/18)

[*1]Imelda Garcia, plaintiff, 
v
Darshan Shah, et al., defendants third-party plaintiffs-respondents; Occidental Fire & Casualty Company of North Carolina, third-party defendant-appellant.


Cozen O'Connor, New York, NY (Melissa F. Brill, Amanda L. Nelson, and Laura Dowgin of counsel), for third-party defendant-appellant.
Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated June 28, 2019, and (2) a money judgment of the same court dated September 28, 2020. The order and judgment, insofar as appealed from, denied the motion of the third-party defendant pursuant to CPLR 3211(a) to dismiss the third-party complaint or, in the alternative, pursuant to CPLR 603 to sever the third-party action from the main action, granted those branches of the cross motion of the defendants third-party plaintiffs which were for summary judgment declaring that the third-party defendant is obligated to indemnify the defendants third-party plaintiffs in the main action and for an award for attorneys' fees against the third-party defendant, declared that the third-party defendant is obligated to indemnify the defendants third-party plaintiffs in the main action and awarded the defendants third-party plaintiffs attorneys' fees in an amount to be determined at a hearing. The money judgment, upon the order and judgment, and upon the third-party defendant's failure to appear at the hearing to determine the amount of attorneys' fees to be awarded to the defendants third-party plaintiffs, is in favor of the defendants third-party plaintiffs and against the third-party defendant in the principal sum of $16,437.
ORDERED that the appeal from the money judgment is dismissed; and it is further,
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendants third-party plaintiffs which was for an award of attorneys' fees, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof awarding the defendants third-party plaintiffs attorneys' fees in an amount to be determined at a hearing; as so modified, the order and judgment is affirmed insofar as appealed from, and the money judgment dated September 28, 2020, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs.
On December 22, 2017, the plaintiff, Imelda Garcia, allegedly was injured as a result of a trip-and-fall at the home of the defendants third-party plaintiffs, Darshan Shah and Ranjana Shah, who are husband and wife (hereinafter together the Shahs). The plaintiff commenced the main action against the Shahs to recover damages for personal injuries she allegedly sustained as a result of the accident.
The Shahs made a demand upon their homeowner's insurance policy carrier, the third-party defendant, Occidental Fire & Casualty Company of North Carolina (hereinafter Occidental), to defend and indemnify them in the main action. Occidental disclaimed coverage on the ground that it had canceled the policy prior to the accident due to nonpayment of an outstanding premium balance. Thereafter, the Shahs commenced a third-party action against Occidental for a judgment declaring, inter alia, that Occidental was obligated to defend and indemnify the Shahs in the main action, and for an award of attorneys' fees incurred in connection with the third-party action.
Occidental moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint or, in the alternative, pursuant to CPLR 603 to sever the third-party action from the main action. In support of its motion, Occidental submitted, inter alia, a copy of the insurance policy, a copy of a purported notice of cancellation of insurance directed to the Shahs, a copy of an envelope addressed only to Darshan Shah in which the purported notice of cancellation of insurance allegedly was mailed, and a certificate of mailing allegedly showing that SageSure Insurance Managers, which allegedly performs insurance related services for Occidental, mailed the purported notice of cancellation to Darshan Shah on October 11, 2017. The Shahs opposed the motion, and cross-moved for summary judgment on the third-party complaint, including the third-party cause of action for an award of attorneys' fees incurred in connection with the third-party action.
By order and judgment dated June 28, 2019, the Supreme Court denied Occidental's motion, granted the Shahs' cross motion, and declared, inter alia, that the main action is covered by the terms of the insurance policy, and that Occidental is obligated to defend and indemnify the Shahs in the main action. The court also awarded the Shahs attorneys' fees and set the matter down for a hearing on the amount of reasonable attorneys' fees. The Shahs appeared at the attorneys' fees hearing, and Occidental did not. By money judgment dated September 28, 2020, the court awarded the Shahs attorneys' fees in the principal sum of $16,437. Occidental appeals from so much of the order and judgment as denied its motion and granted those branches of the Shahs' cross motion which were for summary judgment declaring that Occidental is obligated to indemnify the Shahs in the main action and for an award of attorneys' fees and made a corresponding declaration and award. Occidental also appeals from the money judgment.
The appeal from the money judgment must be dismissed because no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Kokolis v Wallace, 202 AD3d 948; Matter of Mayo v Mays, 195 AD3d 619; Murphy v Shaw, 34 AD3d 657, 658; Fishman v Fishman, 50 AD2d 885, 885).
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may appropriately be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Bonavita v Govt. Empls. Ins. Co., 185 AD3d 892). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d at 855 [internal quotations marks omitted]; see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790). "Affidavits, deposition testimony, and letters are not considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Bonavita v Government Empls. [*2]Ins. Co., 185 AD3d at 893; see Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 925).
In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Bonavita v Government Empls. Ins. Co., 185 AD3d at 893 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 44).
"The initial burden of demonstrating a valid cancellation of an insurance policy is on the insurance company which disclaims coverage" (Matter of Unitrin Direct Ins. Co. v Barrow, 186 AD3d 612, 613; see Matter of Auto One Ins. Co. v Forrester, 78 AD3d 1174). Where, as here, a policy has been in effect for at least 60 days, cancellation is permitted only upon specified grounds listed in Insurance Law § 3425(c)(2), which includes "nonpayment of premium, provided, however, that a notice of cancellation on this ground shall inform the insured of the amount due" (id. § 3425[c][2][A]). "Proof of mailing of a notice of cancellation . . . to the named insured at the address shown in the policy, shall be sufficient proof of the giving of" an insurance policy cancellation notice and the reasons given therefor (id. § 3425[h][1]). Pursuant to Insurance Law § 3425(h)(2), "[n]o notice of cancellation . . . that fails to include a provision required by this section shall be an effective notice for purposes of this section." "Insurance notice requirements are strictly construed and any ambiguities are to be interpreted in favor of the insured" (Gotkin v Allstate Ins. Co., 142 AD3d 17, 25 [internal quotation marks omitted]; see Essex Ins. Co. v Vickers, Jr., Enters., Inc., 103 AD3d 684).
Here, Occidental's documentary submissions failed to conclusively establish that it validly canceled the insurance policy before the accident, as these submissions did not show that Occidental mailed the purported notice of cancellation to both Darshan Shah and Ranjana Shah, both of whom are named insureds on the policy (see Insurance Law § 3425[h]; Wright v Progressive Northeastern Ins. Co., 17 Misc 3d 1137[A], 2007 NY Slip Op 52315[U] [Sup Ct, Queens County]; Fifty States Mgt. Corp. v Public Serv. Mut. Ins. Co., 67 Misc 2d 778 [Sup Ct, Erie County]; see also Matter of Unitrin Direct Ins. Co. v Barrow, 186 AD3d at 613; Shants, Inc. v Capital One, N.A., 124 AD3d 755; cf. Allstate Ins. Co. v Prudential Prop. & Cas. Ins. Co., 117 AD2d 236, 241). Nor did Occidental's documentary submissions establish that the Shahs were precluded from commencing the third-party action for a judgment declaring that they are entitled to a defense and indemnification in the main action before a final resolution in the main action (see generally American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28; Essex Ins. Co. v Vickers, Jr., Enters., Inc., 103 AD3d 684). Therefore, Occidental's submissions did not utterly refute the Shahs' allegations or conclusively establish a defense as a matter of law.
Furthermore, the evidentiary material submitted by Occidental did not, as a matter of law, resolve the parties' factual disputes such that it could be said that the allegations in the third-party complaint were not facts at all (see CPLR 3211[a][7]; Bonavita v Government Empls. Ins. Co., 185 AD3d at 894).
Accordingly, the Supreme Court properly denied Occidental's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint.
Further, the Supreme Court properly granted that branch of the Shahs' cross motion which was for summary judgment declaring that Occidental had a duty to indemnify the Shahs in the main action. Contrary to Occidental's contention, that branch of the Shahs' cross motion was not premature, as Occidental failed to demonstrate that further discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the Shahs (see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d [*3]974, 976). Contrary to Occidental's further contention, a declaration as to its general duty to indemnify the Shahs in the main action may be made at this juncture, even though there has been no finding of negligence (see id. at 978). Occidental's contention that its submission of, inter alia, the purported notice of cancellation and purported proof of mailing raised triable issues of fact is not properly before this Court, as this contention was raised for the first time in Occidental's reply brief.
However, the Supreme Court should have denied that branch of the Shahs' cross motion which was for an award of attorneys' fees incurred in prosecuting the third-party action to settle their rights under the homeowner's insurance policy with Occidental. It is well settled that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle his or her rights under an insurance policy (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 324; Hardy v Kulwicki, 147 AD3d 1402, 1404; O'Keefe v Allstate Ins. Co., 90 AD3d 725, 726).
Occidential's remaining contention has been rendered academic in light of our determination.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court