Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC (2024 NY Slip Op 02543)

Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC

2024 NY Slip Op 02543

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-01295
 (Index No. 527164/19)

[*1]Old Republic National Title Insurance Company, appellant, 
v
1152 53 Management, LLC, et al., respondents.

Butler, Fitzgerald, Fiveson & McCarthy P.C., New York, NY (David K. Fiveson of counsel), for appellant.
Yan Margolin, New York, NY, for respondents.

DECISION & ORDER
In an action to set aside an allegedly fraudulent conveyance pursuant to the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 3, 2022. The order granted the separate motions of the defendants 1152 53 Management, LLC, and Etty Salamon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant 1152 53 Management, LLC, which were pursuant to CPLR 3211(a) to dismiss the first, second, and fourth causes of action insofar as asserted against it, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting the motion of the defendant Etty Salamon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiff.
In August 2018, the plaintiff's predecessor in interest commenced an action against the defendant Etty Salamon, among others, inter alia, to set aside an allegedly fraudulent conveyance pursuant to the Debtor and Creditor Law. In November 2019, while that action was pending, Salamon transferred her interest in certain real property located in Brooklyn (hereinafter the property) to the defendant 1152 53 Management, LLC (hereinafter 1152 53 Management).
In December 2019, the plaintiff commenced this action against the defendants, alleging that Salamon's transfer of the property to 1152 53 Management was a fraudulent conveyance pursuant to Debtor and Creditor Law §§ 273 to 276. The defendants separately moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them. By order dated February 3, 2022, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
The Supreme Court erred in granting Salamon's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. As the plaintiff correctly contends, Salamon's motion was untimely, since it was not made until after the time to serve an answer had lapsed (see id. § 3211[e]), and Salamon failed to request an extension of time to either serve an answer or move to dismiss (see id. § 2004). Accordingly, Salamon's motion should have been [*2]denied as untimely (see Portilla v Law Offs. of Arcia & Flanagan, 125 AD3d 956, 957; McGee v Dunn, 75 AD3d 624, 625; Bennett v Hucke, 64 AD3d 529, 530).
The Supreme Court further erred in granting those branches of 1152 53 Management's motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and fourth causes of action, alleging fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273, 273-a, and 275, respectively, insofar as asserted against it. On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, accepting the allegations in the complaint as true and according the plaintiff the benefit of every favorable inference, the allegations are sufficient to state causes of action sounding in fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273, 273-a, and 275. Contrary to 1152 53 Management's contention, the plaintiff was a creditor within the meaning of Debtor and Creditor Law former article 10 at the time of the subject transfer (see id. § 270; Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d 1377, 1379). Moreover, the evidentiary materials submitted by 1152 53 Management did not conclusively resolve the parties' factual disputes such that it could be said that the allegations in the complaint in support of these causes of action were not facts at all (see CPLR 3211[a][7]; Louzon v Gentry Apts., Inc., 191 AD3d 776, 778; Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 894).
"'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759, quoting Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d at 88). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Fed. Sav. Bank, 198 AD3d 855, 855-856; see Piccoli v Cerra, Inc., 174 AD3d 754, 756). "Letters, emails, and affidavits are not documentary evidence" (Bath & Twenty, LLC v Fed. Sav. Bank, 198 AD3d at 856; see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874; Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159).
Here, the letters submitted by 1152 53 Management to establish that the property was transferred in exchange for fair consideration do not constitute documentary evidence (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 678; Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 671). Moreover, the satisfactions of mortgage and judicial records also submitted by 1152 53 Management failed to demonstrate, as a matter of law, that the plaintiff does not have causes of action sounding in fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273, 273-a, and 275 (see Redwood Prop. Holdings, LLC v Christopher, 211 AD3d at 759; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 678).
However, the Supreme Court properly directed dismissal of the cause of action alleging fraudulent conveyance pursuant to Debtor and Creditor Law former § 274 insofar as asserted against 1152 53 Management. Pursuant to the version of that statute applicable at the time of the conveyance, "a conveyance is fraudulent as to creditors without regard to actual intent when it is 'made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his [or her] hands after the conveyance is an unreasonably small capital'" (Palmerone v Staples, 195 AD3d 736, 738, quoting Debtor and Creditor Law former § 274; see Board of Managers of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d at 1379). Here, the complaint does not allege that Salamon was engaged in or about to engage in a business or transaction at the time she transferred the property to [*3]1152 53 Management for which the transfer left her with insufficient capital.
The Supreme Court also properly directed dismissal of the cause of action alleging fraudulent conveyance pursuant to Debtor and Creditor Law § 276 insofar as asserted against 1152 53 Management. A cause of action under Debtor and Creditor Law § 276 must be pleaded with sufficient particularity pursuant to CPLR 3016(b) (see Heid v Renwood Assoc., Inc., 184 AD3d 555, 557). Here, the cause of action alleging fraudulent conveyance pursuant to Debtor and Creditor Law § 276 was not pleaded with sufficient particularity (see CPLR 3016[b]; Amos Fin., LLC v Noya 23, LLC, 196 AD3d 450, 451; Heid v Renwood Assoc., Inc., 184 AD3d at 557).
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court