Leon v Singh (2026 NY Slip Op 01347)

Leon v Singh

2026 NY Slip Op 01347

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-03884
 (Index No. 726704/22)

[*1]Veronica Leon, etc., et al., plaintiffs, 
vAvtar Singh, et al., defendants third-party plaintiffs-respondents, et al., defendants; Hyundai Marine & Fire Insurance Co., Ltd., third-party defendant-appellant, et al., third-party defendants.

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola, NY (William J. Mitchell of counsel), for third-party defendant-appellant.
Leavitt Kerson & Sehati, Forest Hills, NY (Paul E. Kerson and Jeff House of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendant Hyundai Marine & Fire Insurance Co., Ltd., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered March 13, 2024. The order, insofar as appealed from, denied that branch of the motion of the third-party defendants Hyundai Marine & Fire Insurance Co., Ltd., and Sedgwick Insurance Adjusters which was pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against the third-party defendant Hyundai Marine & Fire Insurance Co., Ltd.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants third-party plaintiffs, Avtar Singh and Gursharanjit Kaur (hereinafter together the landlords), were the owners of a residential premises in Queens that sustained fire damage. The landlords submitted a claim to their insurer, the third-party defendant Hyundai Marine & Fire Insurance Co., Ltd. (hereinafter Hyundai). Hyundai denied coverage on the ground that the landlords had made material misrepresentations in their insurance application. Hyundai also advised the landlords that it would not defend or indemnify them in any action commenced against them in connection with the fire.
The plaintiffs, tenants of the premises, commenced the instant action, inter alia, to recover damages for personal injuries against the landlords, among others. Thereafter, the landlords commenced a third-party action against, among others, Hyundai and its representative, the third-party defendant Sedgwick Insurance Adjusters (hereinafter together the insurers). In the third-party complaint, the landlords sought, among other things, to recover damages for breach of the insurance policy and a judgment declaring that Hyundai was obligated to defend and indemnify the landlords. The insurers thereafter moved, inter alia, pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against Hyundai. In an order entered March 13, 2024, the Supreme Court, among other things, denied that branch of the insurers' motion. Hyundai appeals.
Generally, "[t]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Azad v Kingstone Ins. Co., 228 AD3d 608, 609 [internal quotation marks omitted]; see Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (Estiverne v MIC Gen. Ins. Corp., 233 AD3d 844, 845 [internal quotation marks omitted]; see Insurance Law § 3105[c]; Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d at 851). "Even innocent misrepresentations, if material, are sufficient to allow an insurer to defeat recovery under the insurance contract" (Estiverne v MIC Gen. Ins. Corp., 233 AD3d at 845 [alteration and internal quotation marks omitted]; see Smith v Guardian Life Ins. Co. of Am., 116 AD3d 1031, 1032).
The Supreme Court properly denied that branch of the insurers' motion which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against Hyundai. "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may appropriately be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Garcia v Shah, 206 AD3d 626, 629; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Garcia v Shah, 206 AD3d at 629 [internal quotation marks omitted]; see Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). As relevant to this case, insurance policies and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence (see Plymouth Capital, LLC v Montage Fin. Group, Inc., 230 AD3d 1361, 1362; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 678; Fontanetta v John Doe 1, 73 AD3d 78, 84-85). "Letters, emails, deposition testimony, and affidavits do not qualify as documentary evidence" (Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d 953, 954; see Bernstein v Jacobson, 238 AD3d 1102; Garcia v Shah, 206 AD3d at 629). "'An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit'" (IPA Asset Mgt., LLC v Schuman, 239 AD3d 619, 621, quoting Phillips v Taco Bell Corp., 152 AD3d 806, 807).
Here, in support of their motion, the insurers submitted, inter alia, the insurance policy, the insurance policy application, and the underwriting guidelines, which, according to the insurers, conclusively established, as a matter of law, their defense that the landlords' material misrepresentation rendered the policy void. However, the affidavits, deposition testimony, and emails submitted did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Garcia v Shah, 206 AD3d at 629). Without these materials, the insurers failed to conclusively establish that the alleged misrepresentation was made at the time the policy was issued and, therefore, failed to establish their defense as a matter of law or utterly refute the landlords' allegations (see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1160; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 678).
Accordingly, the Supreme Court properly denied that branch of the insurers' motion which was pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against Hyundai.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court