Bonavita v Government Employees Ins. Co. (2020 NY Slip Op 04144)





Bonavita v Government Employees Ins. Co.


2020 NY Slip Op 04144


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01704
 (Index No. 605205/18)

[*1]Tyler T. Bonavita, et al., respondents,
v
Government Employees Insurance Company, appellant.


Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Donald S. Neumann, Jr., of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Brian M. Hussey of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled Phillips v Bonavita, commenced in the Supreme Court, Nassau County, under Index No. 11205/14, the defendant appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered December 20, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On March 21, 2013, the plaintiff Tyler T. Bonavita was driving a vehicle owned by the plaintiff Paul J. Molinari when the vehicle was involved in a multivehicle accident on the Meadowbrook Parkway in Hempstead. As a result of the accident, the plaintiffs were named as defendants in an action entitled Phillips v Bonavita, commenced in the Supreme Court, Nassau County, under Index No. 11205/14 (hereinafter the underlying action).
The plaintiffs subsequently commenced this action against the defendant, Government Employees Insurance Company (hereinafter GEICO), seeking a judgment declaring that, pursuant to an insurance policy issued to Bonavita's mother, GEICO is obligated to defend and indemnify the plaintiffs in the underlying action. The plaintiffs alleged that Bonavita's use of Molinari's vehicle qualified for "temporary substitute auto" or "non-owned auto" coverage under the policy. In lieu of answering, GEICO moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. GEICO contended that the plaintiffs were not entitled to coverage under the policy because, among other things, the vehicle being driven by Bonavita on the date of the accident was neither a "temporary substitute auto" or a "non-owned auto" as defined in the policy. In support of its motion, GEICO submitted, inter alia, an affidavit of its claims examiner, an affidavit of its attorney, a letter sent to GEICO from the plaintiffs' counsel, a letter from GEICO disclaiming coverage, a copy of the GEICO policy, and declaration sheets issued by GEICO between July 2012 through January 2013. The plaintiffs opposed the motion and submitted, inter alia, an affidavit of Bonavita, who averred that he is the son of the policyholder and resided at her home. In an order entered December 20, 2018, the Supreme Court denied the motion, and GEICO appeals.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 924). "[T]o be considered documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). Affidavits, deposition testimony, and letters are not considered documentary evidence within the intendment of CPLR 3211(a)(1) (see Rodolico v Rubin & Licatesi, P.C., 114 AD3d at 925; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714).
In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88). Where "evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist., 159 AD3d 769, 771; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; County of Westchester v Unity Mech. Corp., 165 AD3d 883, 886).
Here, the affidavits and letters submitted by GEICO in support of its motion did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see County of Westchester v Unity Mech. Corp., 165 AD3d at 885; Attias v Costiera, 120 AD3d 1281). Moreover, the GEICO insurance policy and declaration sheets failed to show that the plaintiffs were not, as they alleged in the complaint, entitled to coverage under the temporary substitute auto and/or non-owned auto provisions of the GEICO policy. Therefore, GEICO's submissions did not utterly refute the plaintiffs' allegations or conclusively establish a defense as a matter of law (see 25-01 Newkirk Ave., LLC v Everest Nat. Ins. Co., 127 AD3d 850; AGCS Marine Ins. Co. v Scottsdale Ins. Co., 102 AD3d 899).
Furthermore, the evidentiary materials submitted by GEICO did not, as a matter of law, resolve the parties' factual disputes such that it could be said that the allegations in the complaint were not facts at all (see CPLR 3211[a][7]; County of Westchester v Unity Mech. Corp., 165 AD3d at 886; Sposato v Paboojian, 110 AD3d 979).
Accordingly, we agree with the Supreme Court's determination to deny GEICO's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
In light of our determination, we need not reach GEICO's remaining contentions.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court