Davis v Henry (2023 NY Slip Op 00076)

Davis v Henry

2023 NY Slip Op 00076

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13924
 (Index No. 506617/19)

[*1]Meserete Davis, appellant, 
v
Alexis Henry, defendant, Pelican Management, Inc., respondent.

Gary S. Alweiss (Shayne, Dachs, New York, NY [Jonathan A. Dachs], of counsel), for appellant.
Michael R. Koenig, New Rochelle, NY (Robert Dashow of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 23, 2019. The order granted the motion of the defendant Pelican Management, Inc., pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Pelican Management, Inc., pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against it is denied.
In March 2019, the plaintiff commenced this action against the defendants, Alexis Henry and Pelican Management, Inc. (hereinafter Pelican), to recover damages for personal injuries the plaintiff allegedly sustained in a motor vehicle accident. The plaintiff alleged that her vehicle was struck by a vehicle operated by Henry and owned by his employer, Pelican. Pelican moved pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against it, arguing that Henry was operating a vehicle owned by him and was not in the course of his employment at the time of the accident. The Supreme Court granted Pelican's motion, and the plaintiff appeals.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Hartnagel v FTW Contr., 147 AD3d 819, 820; Anderson v Armentano, 139 AD3d 769, 770-771). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]; see Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893; Leader v Steinway, Inc., 180 AD3d 886, 887-888). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (J.A. Lee Elec., Inc. v City of New York, 119 [*2]AD3d 652, 653 [internal quotation marks omitted]; see Porat v Rybina, 177 AD3d 632, 633; JBGR, LLC v Chicago Tit. Ins. Co., 128 AD3d 900, 903).
Here, the affidavit submitted by Pelican in support of its motion did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Bonavita v Government Empls. Ins. Co., 185 AD3d at 894; Porat v Rybina, 177 AD3d at 633). Pelican's other evidentiary submissions attached to its motion papers were insufficient to utterly refute the plaintiff's factual allegations (see Hartnagel v FTW Contr., 147 AD3d at 821), and Pelican cannot rely on additional material improperly submitted for the first time in reply (see Qureshi v Vital Transp., Inc., 173 AD3d at 1078).
Accordingly, the Supreme Court should have denied Pelican's motion pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against it.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court