Jeffrey v Collins (2023 NY Slip Op 03686)

Jeffrey v Collins

2023 NY Slip Op 03686

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01158 
2021-03170
 (Index No. 527241/19)

[*1]Royston Jeffrey, et al., appellants,
v
Stephanie Collins, respondent.

Law Offices of K.C. Okoli, P.C., New York, NY, for appellants.
Law Offices of Adam Kalish, P.C. (Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for unlawful discrimination pursuant to Administrative Code of the City of New York § 8-107(5), the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 11, 2021, and (2) an order of the same court dated March 31, 2021. The order dated January 11, 2021, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for unlawful discrimination pursuant to Administrative Code of the City of New York § 8-107(5). The order dated March 31, 2021, insofar as appealed from, upon reargument, in effect, adhered to the prior determination in the order dated January 11, 2021, granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for unlawful discrimination pursuant to Administrative Code of the City of New York § 8-107(5).
ORDERED that the order dated January 11, 2021, is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for unlawful discrimination pursuant to Administrative Code of the City of New York § 8-107(5) is denied; and it is further,
ORDERED that the appeal from the order dated March 31, 2021, is dismissed as academic in light of our determination on the appeal from the order dated January 11, 2021; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In December 2019, the plaintiffs offered to purchase certain residential real property from the defendant for the sum $925,000, with a 10% down payment and no mortgage contingency. A proposed contract of sale was drafted by the defendant's attorney and forwarded to the plaintiffs' attorney on December 2, 2019. With certain modifications to the contract made by their attorney, the plaintiffs signed it and returned it to the defendant's attorney on December 3, 2019, along with a check for the down payment. By letter dated December 10, 2019, the defendant's attorney returned the down payment check to the plaintiffs' attorney. The defendant's attorney stated in the letter that [*2]"[u]nfortunately, my client is not interested in selling to your client," with no further explanation.
The plaintiffs thereafter commenced this action against the defendant, alleging, inter alia, a cause of action to recover damages for unlawful discrimination pursuant to Administrative Code of the City of New York § 8-107(5). The plaintiffs alleged that they were discriminated against as members of a protected class under the statute. The defendant moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action to recover damages for unlawful discrimination pursuant to Administrative Code § 8-107(5). In an order dated January 11, 2021, the Supreme Court, inter alia, granted that branch of the defendant's motion. Thereafter, the plaintiffs moved for leave to reargue their opposition to that branch of the defendant's motion. In an order dated March 31, 2021, the court, among other things, upon reargument, in effect, adhered to its prior determination. The plaintiff appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d 803, 804; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Davis v Henry, 212 AD3d 597, 597-598 [internal quotation marks omitted]; see Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893-894).
When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7) "a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiffs with the benefit of every favorable inference" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [internal quotation marks omitted]; see Rogoff v Long Is. Univ., 208 AD3d 700, 701; Wander v St. John's Univ., 99 AD3d 891, 893). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38). "Unlike on a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262, 268 [internal quotation marks omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38).
Here, neither the affidavits submitted in support of the defendant's motion nor the purported contract between the defendant and another purchaser constituted documentary evidence within the intendment of CPLR 3211(a)(1) (see Davis v Henry, 212 AD3d 597; Bonavita v Government Empls. Ins. Co., 185 AD3d at 893-894; Great Eagle Intl Trade, Ltd. v Corporate Funding Partners, LLC, 104 AD3d 731, 731; Fontanetta v John Doe 1, 73 AD3d 78), and the defendant's evidentiary submissions were "insufficient to utterly refute the plaintiff's factual allegations" (Davis v Henry, 212 AD3d at 598; see Hartnagel v FTW Contr., 147 AD3d 819, 821). Moreover, accepting the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Skefalidis v China Pagoda NY, Inc., 210 AD3d 925, 926), the complaint sufficiently stated a cause of action alleging unlawful discrimination pursuant to Administrative Code § 8-107(5).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action to recover damages for unlawful discrimination pursuant to Administrative Code § 8-107(5).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court