Cord Meyer Dev. Co. v Forest Hills Owners Corp. (2024 NY Slip Op 03727)

Cord Meyer Dev. Co. v Forest Hills Owners Corp.

2024 NY Slip Op 03727

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-04643
 (Index No. 707601/20)

[*1]Cord Meyer Development Company, respondent,
v
Forest Hills Owners Corp., appellant.

Gallet Dreyer & Berkey, LLP, New York, NY (Jerry A. Weiss of counsel), for appellant.
Farrell Fritz, P.C., Uniondale, NY (Franklin C. McRoberts and Becky [Hyun Jeong] Baek of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a provision of certain leases, the defendant appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered June 11, 2021. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was the sponsor of a cooperative building located in Forest Hills. In 1984, the defendant, which owns the building, entered into long-term leases with the plaintiff for certain professional apartments in the building. Pursuant to the leases, the plaintiff was entitled to surrender the leases to the defendant and purchase 7,930 unissued shares of stock at $1 per share for the shares allocable to the professional apartments, provided that two conditions precedent were satisfied. In 2020, the plaintiff allegedly satisfied those conditions precedent, but the defendant refused to sell the unissued shares in accordance with the leases.
The plaintiff thereafter commenced this action, inter alia, for specific performance of the provision in the leases entitling it to purchase the unissued shares. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the grounds that the leases utterly refuted the allegations in the complaint and that the complaint failed to state a cause of action. However, the defendant failed to submit the leases, or any other documentary evidence, with its moving papers. In an order entered June 11, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806 [internal quotation marks omitted]; see Lewis & Murphy Realty, Inc. v Colleti, 187 AD3d 731, 733). Here, the defendant could not rely on a lease for one of the professional apartments, which was improperly submitted for the first time with its reply papers (see Davis v Henry, 212 AD3d 597, 598; Qureshi v Vital Transp., Inc., 173 AD3d 1076, [*2]1078; Northen Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896-897). In any event, the lease, which was the only documentary evidence submitted by the defendant, did not utterly refute the factual allegations in the complaint and conclusively establish a defense to the causes of action as a matter of law (see Davis v Henry, 212 AD3d at 598; Qureshi v Vital Transp., Inc., 173 AD3d at 1078).
On a motion to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). "Unlike on a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262, 268 [internal quotation marks omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38). Here, contrary to the defendant's contention, the complaint sufficiently stated causes of action for specific performance and for declaratory and injunctive relief.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court