# Sayegh v LKH 23rd, LLC

2024 NY Slip Op 32418(U)

July 15, 2024

Supreme Court, New York County

Docket Number: Index No. 150614/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  <u>HON. JUDY H. KIM</u>  PART  04

*Justice*

----------------------------------------------------------------------X

SAMAR EL SAYEGH,

INDEX NO.  <u>150614/2023</u>

Plaintiff,

MOTION DATE  <u>05/26/2023</u>

- v -

MOTION SEQ. NO.  <u>001</u>

LKH 23RD, LLC,W&L GROUP CONSTRUCTION INC.,154
EAST 23 LLC,FRONT WAVE CONSTRUCTION INC.,

## DECISION + ORDER ON MOTION

Defendants.

----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to  <u>DISMISS</u>.

Upon the foregoing documents, defendant Front Wave Construction Inc.'s motion, pursuant to CPLR 3211(a)(1) and (a)(7) (or, alternatively, pursuant to CPLR 3212), to dismiss the complaint is denied.

The complaint alleges that on January 20, 2020, plaintiff Samar El Sayegh tripped and fall in proximity to 150-154 East 23rd Street, New York, New York, sustaining injuries, and asserts negligence claims against defendants on the grounds that they owned, managed, maintained, controlled or engaged in construction at or near the premises (NYSCEF Doc. No. 1 [Complaint])

Front Wave Construction Inc. ("Front Wave") now moves to dismiss this action, submitting the affidavit of its President, Amy Wang, asserting that Front Wave does not own, operate, manage, control or supervise work at that location and was first hired to perform work at the subject location months after plaintiff's fall (NYSCEF Doc. No. 17). Front Wave also submits a Standard Form of Agreement Between Contractor and Subcontractor between Front Wave and

**150614/2023  EL SAYEGH, SAMAR vs. LKH 23RD, LLC ET AL**  **Page 1 of 4**
**Motion No.  001**

1 of 4

W&L which, Wang asserts, establishes that Front Wave began work on June 24, 2020, months after plaintiff's alleged injury (NYSCEF Doc. No 18). In opposition, plaintiff notes that this contract covers work at an entirely different location than the accident, namely 90-75 Sutphin Boulevard in Jamaica, Queens. In reply, defendant concedes that this contract is irrelevant and instead submits an "Assignment of Construction Contract" entered into with defendant W&L Group Construction, Inc. ("W&L") which, it asserts, establishes that Front Wave was not assigned the construction contract for the subject premises until June 24, 2020[1] (NYSCEF Doc. No. 27).

## DISCUSSION

Front Wave's motion is denied. Pursuant to CPLR 3211(a)(1), "[d]ismissal is warranted only if the documentary evidence submitted utterly refutes plaintiff's factual allegations and conclusively establishes a defense to the asserted claims as a matter of law" (Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc, Inc., 120 AD3d 431, 433 [1st Dept 2014] [internal citations and quotations omitted]). "To be considered documentary" such evidence "must be unambiguous and of undisputed authenticity" (Toribio v 575 Broadway LLC, 61 Misc 3d 1224(A) [Sup Ct, NY County 2018] [internal citations and quotations omitted]). Significantly, "[j]udicial records, mortgages, deeds and contracts constitute documentary evidence, but affidavits and deposition testimony are not considered documentary evidence" (Id. [internal citations omitted]).

Accordingly, the only documentary evidence is the Construction Agreement, which does not relate to this action, and Front Wave's Assignment Agreement with W&L. However, the Assignment Agreement cannot be considered on this motion, as it was improperly submitted for the first time in reply (See e.g. Davis v Henry, 212 AD3d 597 [2d Dept 2023]; Qureshi v Vital Transp., Inc., 173 AD3d 1076 [2d Dept 2019]). In any event, this Assignment Agreement only

---

[1] Front Wave also submitted certain irrelevant property records from the Automated City Register Information System which were subsequently withdrawn as submitted in error (See NYSCEF Doc. No. 30).

**150614/2023   EL SAYEGH, SAMAR vs. LKH 23RD, LLC ET AL**
**Motion No.  001**

**Page 2 of 4**

establishes defendant had responsibility under the assignment after June 24, 2020, but does not establish that Front Wave had no connection to site of plaintiff's fall prior to that date. Accordingly, Front Wave's motion is denied.

Finally, to the extent that defendant seeks to have this branch of its motion treated as one for summary judgment, the Court declines to do so—the record does not establish that the parties "deliberately chart [ed] a summary judgment course" (Wadiak v Pond Mgt., LLC, 101 AD3d 474, 475 [1st Dept 2012] [internal citations omitted]).

In light of the foregoing, it is

**ORDERED** that Front Wave Construction Inc.'s motion to dismiss is denied; and it is further

**ORDERED** that plaintiff is to serve a copy of this decision and order with notice of entry on defendant as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that Front Wave Construction Inc. shall file an Answer within twenty days of plaintiff's service of a copy of this decision and order with notice of entry; and it is further

150614/2023   EL SAYEGH, SAMAR vs. LKH 23RD, LLC ET AL                                    Page 3 of 4
Motion No.  001

3 of 4

[* 3]

**ORDERED** that the parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on September 27, 2024 at 10:00 am.

This constitutes the decision and order of the Court.

_____
**7/15/2024**
**DATE**

_____
**HON. JUDY H. KIM, J.S.C.**

| | | |
|---|---|---|
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART  ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE |

150614/2023   EL SAYEGH, SAMAR vs. LKH 23RD, LLC ET AL                 Page 4 of 4
Motion No.  001

4 of 4