Siemens Indus., Inc. v Skanska Walsh Design-Build Joint Venture (2024 NY Slip Op 04795)

Siemens Indus., Inc. v Skanska Walsh Design-Build Joint Venture

2024 NY Slip Op 04795

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-05701
 (Index No. 724498/20)

[*1]Siemens Industry, Inc., respondent,
v
Skanska Walsh Design-Build Joint Venture, appellant.

Peckar & Abramson, P.C., New York, NY (Bruce D. Meller and Alan Winkler of counsel), for appellant.
Littleton Park Joyce Ughetta & Kelly LLP, New York, NY (Eric J. Goldberg and Robert L. Joyce of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an amended order of the Supreme Court, Queens County (Joseph Risi, J.), dated June 1, 2023. The amended order denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the amended order is affirmed, with costs.
The defendant, Skanska Walsh Design-Build Joint Venture (hereinafter Skanska), was the design-build contractor for a project to renovate LaGuardia Airport. Skanska subcontracted with the plaintiff, Siemens Industry, Inc. (hereinafter Siemens), for Siemens to furnish and install a building management system to control the heating, ventilation, and air conditioning systems. Siemens commenced this action to recover damages for breach of contract, and sought payment, inter alia, for the impact of delays allegedly caused by Skanska's mismanagement of the project. Skanska moved pursuant to CPLR 3211(a)(1) to dismiss the complaint, contending that change orders to the subcontract executed by Siemens precluded its recovery. In an amended order dated June 1, 2023, the Supreme Court denied the motion. Skanska appeals.
"A party is entitled to dismissal pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence 'only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 186 AD3d 540, 541, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977, 978).
Here, the affidavit submitted in support of Skanska's motion did not constitute documentary evidence (see Goldin Real Estate, LLC v Shukla, 227 AD3d 674). Further, the other evidence submitted in support of Skanska's motion, that is, the change orders and subcontract, failed to utterly refute Siemens's factual assertion that it sought to recover impact damages under a separate sub-article of the subcontract (see Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 894; Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595, 597).
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court