Cajahuanca v City of New York (2024 NY Slip Op 05198)

Cajahuanca v City of New York

2024 NY Slip Op 05198

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-04808
 (Index No. 713071/22)

[*1]Luis Mercado Cajahuanca, plaintiff, 
v
City of New York, et al., defendants, QB Development Owner, LLC, et al., defendants third-party plaintiffs-appellants; Prime Structure, Inc., third-party defendant, Casa Group, Inc., third-party defendant-respondent.

Gartner + Bloom, P.C., New York, NY (Todd S. Shaw and Susan P. Mahon of counsel), for defendants third party plaintiffs-appellants.
O'Toole Scrivo, LLC, New York, NY (Larry C. Green and Sean Callahan of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered May 16, 2023. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant Casa Group, Inc., which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the third-party defendant Casa Group, Inc., which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it is denied.
In 2021, the defendant third-party plaintiff Omnibuild Construction, Inc. (hereinafter Omnibuild), retained the third-party defendant Casa Group, Inc. (hereinafter Casa), to provide a site safety manager for a project at a building owned by the defendant third-party plaintiff QB Development Owner, LLC (hereinafter QB). The plaintiff was employed by a subcontractor and sustained injuries during the course of his work when he was struck by a falling post. The plaintiff commenced this action to recover damages for personal injuries against Omnibuild and QB, among others. Omnibuild and QB subsequently filed a third-party complaint against Casa and another third-party defendant, seeking, inter alia, indemnification pursuant to a purchase order agreement between Omnibuild and Casa.
Thereafter, Casa moved, among other things, pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it. In an order entered May 16, 2023, the Supreme Court, inter alia, granted that branch of Casa's motion. Omnibuild and QB appeal.
"A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the claims as a matter of law" (Carpio v Morris, 223 AD3d 781, 782; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[J]udicial records, as well [*2]as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856 [internal quotation marks omitted]; see Krasnow v Catania, 219 AD3d 1324, 1325). Furthermore, "to be considered documentary, evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86 [internal quotation marks omitted]; see Coalition of Landlords, Homeowners & Merchants, Inc. v S. & A. Neocronon, Inc., 224 AD3d 658, 659). "Letters, emails, and affidavits are not documentary evidence" (7 Mansion, LLC v Calvano, 226 AD3d 730, 732; see Davis v Henry, 212 AD3d 597, 598). "An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit" (Phillips v Taco Bell Corp., 152 AD3d 806, 807; see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874).
Here, the terms and conditions of the purchase order agreement between Omnibuild and Casa did not utterly refute the factual allegations in the third-party complaint and did not conclusively establish a defense to the claims as a matter of law (see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328; cf. 7 Mansion, LLC v Calvano, 226 AD3d at 732). Contrary to Casa's contention, the purchase order agreement did not utterly refute the allegation in the third-party complaint that the plaintiff's alleged damages arose out of or resulted from the performance of Casa's work. The terms and conditions of the purchase order agreement indicated that Casa was responsible for the prevention of accidents. Further, the purchase order agreement required Casa to provide a site safety manager but did not specify the responsibilities of the site safety manager. Moreover, the affidavit of Casa's chief executive officer and president submitted to supplement the purchase order agreement did not constitute documentary evidence.
Under these circumstances, the Supreme Court should have denied that branch of Casa's motion which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court