Wells Fargo Bank, N.A. v Ranalli (2025 NY Slip Op 01257)

Wells Fargo Bank, N.A. v Ranalli

2025 NY Slip Op 01257

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2022-04941
 (Index No. 615046/17)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Ernest E. Ranalli, appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli pro se of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ernest E. Ranalli appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated May 24, 2022. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the counterclaim of the defendant Ernest E. Ranalli for recission of the mortgage pursuant to Banking Law § 6-l and denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 23, 2007, the defendant Ernest E. Ranalli (hereinafter the defendant) executed a note in the amount of $290,000 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Suffolk County.
In August 2017, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. In his answer, the defendant alleged in his seventh affirmative defense that "[t]he complaint fails to state a cause of action upon which relief may be granted because it is believed that the loan was not originated in compliance with the requirements of Banking Law § 6-l." The defendant also asserted a counterclaim for recission of the mortgage pursuant to Banking Law § 6-l.
The plaintiff moved pursuant to CPLR 3211(a) to dismiss the counterclaim on the ground, inter alia, that it failed to state a cause of action. In support, the plaintiff submitted the uniform residential loan application that the defendant completed in connection with the mortgage loan. The first page of the application includes check boxes to describe how the property will be used. The choices are "Primary Residence," "Secondary Residence," and "Investment." The defendant checked the "Investment" box on the application and left the other two check boxes blank. The "DECLARATIONS" section of the application includes the question: "Do you intend to occupy the property as your primary residence?" In response to this question, the defendant checked the box for "No." The application also lists a gross rental income of $2,350 for the property.
The defendant opposed the motion and subsequently moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the loan was originated in violation of Banking Law § 6-l. In support of his motion, the defendant submitted an affirmation in which he stated that the mortgage listed the property as his address. The defendant also submitted an affidavit from a prior tenant of the property, who stated that the "property is a three family house, with one apartment on the second floor and two apartments on the first floor. [The prior tenant] occupied the apartment on the second floor and [the defendant] occupied an apartment on the first floor." The prior tenant asserted, "I can state with certainty that [the defendant] was living on the premises on October 23, 2007."
In an order dated May 24, 2022, the Supreme Court, inter alia, granted the plaintiff's motion to dismiss the defendant's counterclaim and denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him. The defendant appeals.
On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court "must accept as true the facts as alleged" in the counterclaim, accord the defendant "the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d 45, 51 [internal quotation marks omitted]; see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the [pleader] has a cause of action, not whether the [pleader] has stated one, and unless it has been shown that a material fact claimed by the [pleader] to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893 [internal quotation marks omitted]; see Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d 45).
As relevant here, at the time the defendant executed the note and the mortgage on October 23, 2007, Banking Law § 6-l defined "Home loan" as "a home loan, including an open-end credit plan, other than a reverse mortgage transaction, in which . . . [t]he debt is incurred by the borrower primarily for personal, family, or household purposes" (Banking Law former § 6-l[1][e][iii]). The evidence submitted by the plaintiff established that the debt was not "incurred by the borrower primarily for personal, family, or household purposes" within the meaning of Banking Law former § 6-l(1)(e)(iii) and, thus, the subject loan was not a home loan within the meaning of Banking Law former § 6-l. In opposition, the defendant failed to submit any evidence to raise a significant dispute regarding this conclusion. The evidence that the defendant may have briefly lived at the property did not contradict the plaintiff's evidence that the debt was not "incurred by the borrower primarily for personal, family, or household purposes" within the meaning of Banking Law former § 6-l(1)(e)(iii). Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's counterclaim.
For the same reasons, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court