All Nations Steel Corp. v KSK Constr. Group, LLC (2025 NY Slip Op 04449)

All Nations Steel Corp. v KSK Constr. Group, LLC

2025 NY Slip Op 04449

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-02825
 (Index No. 725093/21)

[*1]All Nations Steel Corp., respondent, 
v
KSK Construction Group, LLC, et al., appellants, et al., defendants.

King & King, LLP, Pelham, NY (Peter M. Kutil of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants KSK Construction Group, LLC, and CHR 125 Owner, LLC, appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 5, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, for summary judgment limiting the plaintiff's damages to the sum of $50,000 pursuant to a liquidated damages clause in the subject contract.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2021, the plaintiff commenced this action against, among others, the defendants KSK Construction Group, LLC, and CHR 125 Owner, LLC (hereinafter together the defendants), inter alia, to recover damages for breach of contract. The complaint alleged, among other things, that the defendants breached a subcontract entered into by them and the plaintiff by wrongfully terminating the subcontract. The defendants interposed an answer in which they alleged that they terminated the subcontract due to the plaintiff's failure to obtain the requisite insurance policy under the subcontract. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, for summary judgment limiting the plaintiff's damages to the sum of $50,000 pursuant to a liquidated damages clause in the subcontract. In an order entered January 5, 2023, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 855, 857). "Affidavits, deposition testimony, and letters are not considered [*2]documentary evidence within the intendment of CPLR 3211(a)(1)" (Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893; see Davis v Henry, 212 AD3d 597, 597-598).
Here, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendants pursuant to CPLR 3211(a)(1). The affidavits submitted by the defendants in support of their motion did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Davis v Henry, 212 AD3d at 598; Bonavita v Government Empls. Ins. Co., 185 AD3d at 893-894). The defendants' other evidentiary submissions, including the subject insurance policy, were insufficient to utterly refute the plaintiff's factual allegations that the insurance policy complied with the subcontract (see Davis v Henry, 212 AD3d at 598; Hartnagel v FTW Contr., 147 AD3d 819, 821).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), a pleading is afforded a liberal construction, and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (JLO Dev. Corp. v Amalgamated Bank, 232 AD3d 705, 706; see Leon v Martinez, 84 NY2d 83, 87-88).
"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of an enforceable contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach" (Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926; see Morrow v Vibration Mountings & Control, Inc., 223 AD3d 736, 737). Here, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendants pursuant to CPLR 3211(a)(7). Affording the allegations in the complaint their most favorable intendment, the complaint adequately stated a cause of action alleging breach of contract (see 1470 39th St., LLC v Goldberg, 226 AD3d 853, 855; Truesource, LLC v Niemeyer, 223 AD3d 694, 695). Moreover, the defendants failed to demonstrate that any fact alleged in the complaint was undisputedly not a fact at all (see 1470 39 St., LLC v Goldberg, 226 AD3d at 855; Bonavita v Government Empls. Ins. Co., 185 AD3d at 894).
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The defendants failed to establish, prima facie, that they did not wrongfully terminate the subcontract since their submissions failed to eliminate triable issues of fact as to whether the plaintiff breached the subcontract (see Triolo v Greenwood, 216 AD3d 1035, 1037). As the defendants failed to satisfy their prima facie burden, the sufficiency of the plaintiff's opposition papers need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment limiting the plaintiff's damages to the sum of $50,000 pursuant to the liquidated damages clause in the subcontract. The defendants failed to make a prima facie showing that the liquidated damages clause was applicable since triable issues of fact exist as to whether the defendants terminated the subcontract due to a material breach by the plaintiff (see Misty Cleaning Servs., Inc. v Independent Group Home Living Program, Inc., 223 AD3d 897, 900).
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court