Sathyanarayanan v Moberg (2026 NY Slip Op 50237(U))

[*1]

Sathyanarayanan v Moberg

2026 NY Slip Op 50237(U)

Decided on February 27, 2026

Supreme Court, Suffolk County

Pastoressa, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2026
Supreme Court, Suffolk County

Pranav Sathyanarayanan and Kaitlin Pranav, Plaintiff(s),

againstMichael Moberg and Moberg Law Group P.C., Defendant(s).

Index No. 610822/2025

Lieb at Law, P.C., Smithtown, NY, for plaintiffsKaufman Dolowich LLP, Woodbury, NY, for defendants

Joseph C. Pastoressa, J.

This is a legal malpractice action. Defendants, Michael Moberg and Moberg Law Group P.C., represented plaintiffs, Pranav Sathyanarayanan and Kaitlin Pranav, in a real estate transaction. Pursuant to a January 2022 contract, plaintiffs purchased the premises at 416 Oakwood Road in Port Jefferson, New York, from nonparties John Reiersen and Eugenia Reiersen. As pertinent here, paragraph 45 of the rider to the contract stated that "[t]he PURCHASERS shall have a Right of First Refusal with regard to the purchase of the adjacent lot (0206/66/1/1034) to be exercised, if at all, no later than 10 business days from the date they are served with notice of a valid purchase offer from a third party, by SELLERS." Paragraph 38 of the rider to the contract stated that "[t]he parties hereby designate their respective attorneys as their agents to send or receive any notices pursuant to this contract."
On March 30, 2022, the Reiersens' counsel sent to defendants notice of a valid offer to purchase the adjacent lot for $232,000.00. The next day, defendants emailed plaintiffs with the Reiersens' counsel's letter. On April 4, defendants emailed plaintiffs again to ensure that they received the letter. Sathyanarayanan responded, stating that he had seen the letter. In an April 13 email, plaintiffs asked for an update on the title search for the adjacent lot (Amended Complaint, NYSCEF doc. 21, at ¶ 29 citing Emails, NYSCEF doc. 16). Defendants responded that he had still not received the title report for the adjacent lot and asked if April 29 was a good closing date for the main property (id.; Emails, NYSCEF doc. 16). Plaintiffs stated that they "aren't really in a position to make an offer since without [sic] knowing its [sic] a pink elephant of an investment" (Amended Complaint, NYSCEF doc. 21, at ¶ 30), stated that April 29 was a good closing date for the main property, and that they were "[l]ooking forward to putting pen to paper on this!" (Emails, NYSCEF doc. 16).
Two years later, in March 2024, an entity named J & E Associates transferred the [*2]adjacent lot to M3K Development, LLC. Plaintiffs then commenced this action for legal malpractice and breach of fiduciary, all based on their failure to exercise their right of first refusal for the adjacent lot in 2022. Their amended complaint alleges, in broad terms, that defendants committed legal malpractice and breached their fiduciary duties by failing to demand proper service of the notice of purchase upon plaintiffs, as service on defendants was allegedly improper; failing to give plaintiffs an accurate date by which they had to exercise their right of first refusal; failing to object to the Reiersens' counsel's letter as insufficient; failing to draft a proper right of first refusal; and failing to record the contract of sale, with the right of first refusal, against the adjacent lot.
Defendants now move to dismiss the complaint under CPLR 3211 (a) (1) and (7), arguing that plaintiffs failed to sufficiently plead causation or damages on the legal malpractice claim, and that the breach of fiduciary claim is duplicative of the malpractice claim and is insufficiently pleaded.
CPLR 3211 (a) (1) allows a defendant to seek dismissal of the complaint when "a defense is founded upon documentary evidence." Dismissal on this ground "is warranted only if the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Krasnow v Catania, 219 AD3d 1324, 1325 [quotation marks and citations omitted]; see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326). Affidavits, deposition testimony, and letters do not constitute documentary evidence (Davis v Henry, 212 AD3d 597, 597-598; J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653), as they can be challenged by other evidence (Russo v Crisona, 219 AD3d 920, 922; Phillips v Taco Bell Corp., 152 AD3d 806, 807). Instead, "judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Davis, 212 AD3d at 597 [quotation marks, citations, and alterations omitted]; see Varricchio v Big Bros. Big Sisters of Am., Inc., 220 AD3d 905, 906).
CPLR 3211 (a) (7) allows a defendant to seek dismissal of the complaint for failure to state a cause of action. "When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true[,] and provide plaintiffs with the benefit of every favorable inference" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [quotation marks and citations omitted]; see Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 645). However, the Court is not required to accept bare legal conclusions or facts that are utterly contradicted by documentary evidence (Chic Realty 712, LLC v GSA Holding Corp., 220 AD3d 914, 916; Browne v Lyft, Inc., 219 AD3d 445, 446). Whether a plaintiff can ultimately prevail is irrelevant (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38; Grabowski v Orange County, 219 AD3d 1314, 1314). "Although inartfully pleaded, a claim should not be dismissed when the facts stated are sufficient to make out a cause of action" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664; see Lam v Weiss, 219 AD3d 713, 715). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint" for failure to state a cause of action, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759 [quotation marks and citations omitted], lv denied 36 NY3d 912; [*3]see Whelan v Cuomo, 220 AD3d 979, 980).
A claim for legal malpractice has two elements: (1) the attorney failed to exercise reasonable skill and knowledge, and (2) such failure proximately resulted in ascertainable damages (Joseph v Fensterman, 204 AD3d 766, 769; Givens v De Moya, 193 AD3d 691, 692; Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505). "The standard to which [an attorney's] conduct is to be compared is not that of the most highly skilled attorney, nor is it that of the average member of the legal profession, but that of an attorney who is competent and qualified" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 846, lv denied 20 NY3d 857; see Harris v Barbera, 163 AD3d 534, 535). To demonstrate causation in a legal malpractice action, a plaintiff must show that but for the attorney's negligence, he or she would have been successful in the underlying action or would not have sustained ascertainable damages (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50, rearg denied 27 NY3d 957; Nill v Schneider, 173 AD3d 753, 755, lv denied 35 NY3d 901).
Defendants correctly argue that plaintiffs have not pleaded but-for causation, so the legal malpractice claim is dismissed. The emails between the parties, which were quoted in the complaint and referenced in the complaint by NYSCEF document number,[FN1]
reveal that plaintiffs declined to exercise their right of first refusal, at which point their right to do so was extinguished (Yudell Trust I v API Westchester Assoc., 227 AD2d 471, 473; McPeady & Co. v Chestnut St. Props., 179 AD2d 915, 917; Story v Wood, 166 AD2d 124, 129). The amended complaint pleads that without a title report, plaintiffs "[we]ren't really in a position to make an offer since without [sic] knowing it's a pink elephant of an investment" (Amended Complaint, at ¶ 30, citing Email, NYSCEF doc. 16). In other words, the amended complaint pleads that plaintiffs declined to exercise their right of first refusal.[FN2]
 Without any allegation that defendants' failure to procure a title report quicker constituted malpractice, plaintiffs' decision not to purchase the adjacent lot eliminates any but-for causation.
A breach of fiduciary duty claim also requires but-for causation "in the context of an action asserting attorney liability" (Lambro Indus., Inc. v Gilbert, 233 AD3d 765, 767; see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10). For the reasons explained above, this claim is dismissed too.
Thus, defendants' motion is granted in its entirety.
This shall constitute the decision and order of the Court.
Dated: February 27, 2026Hon. Joseph C. Pastoressa, J.S.C.Papers considered: NYSCEF documents 27 through 40

Footnotes

Footnote 1:Because plaintiffs themselves incorporated the emails into the complaint by NYSCEF document number, their argument that the emails do not constitute documentary evidence under CPLR 3211 (a) (1) is not persuasive.

Footnote 2:Although the amended complaint pleads that plaintiffs never "decline[d] to exercise their ROFR or indicate their unwillingness to purchase the [a]djacent [l]ot" (Amended Complaint, at ¶ 34), this is utterly contradicted by the emails (see e.g. Soltanian v LACYNDA, LLC, 229 AD3d 826, 827).